IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NILDA N. DIAZ,           :         |   |   |
|        Plaintiff       : | No. 3:13-cv-02179 |   |
|                         :     |   |   |
|   v.                      : | (Judge Kane) |   |
|                         :     |   |   |
| CAROLYN W. COLVIN,       : | (Magistrate Judge Schwab) |   |
| Acting Commissioner of   :   |   |   |
| Social Security          :   |   |   |
|        Defendant      :    |   |   |
|                         :     |   |   |

**MEMORANDUM**

Before the Court is the Report and Recommendation of Magistrate Judge Schwab recommending that the Court vacate the Social Security Commissioner's decision denying Plaintiff disability insurance benefits and remand the case for further proceedings. (Doc. Nos. 17, 18.) For the reasons that follow, the Court will not adopt the Report and Recommendation and will affirm the decision of the Social Security Commissioner.[1]

**I.    BACKGROUND**

On April 20, 2010, Plaintiff Nilda N. Diaz filed an application for social security disability insurance benefits, and on May 4, 2012, she protectively filed an application for supplemental security income benefits with the Social Security Administration ("SSA"). (Doc. No. 1, 8-2 at 11.) Plaintiff claimed that she had been disabled since January 24, 2011, arising out of an incident in which Plaintiff slipped on ice. (Doc. No. 8-2 at 48-49.) After an initial

---

[1] The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

denial of benefits, Plaintiff requested and was granted a hearing before Administrative Law Judge ("ALJ") Susan L. Torres.  (See Doc. No. 8-2 at 45.)  On April 9, 2013, the hearing convened before the ALJ, and she issued a decision on May 2, 2013, denying benefits and finding that Plaintiff was not disabled.  (Doc. No. 8-2 at 12.)  Plaintiff timely sought SSA Appeals Council review; on June 26, 2013, the Appeals Council denied the request for review.  (Doc. No. 8-2 at 2.)

On February 8, 2013, Plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 405(g) appealing the ALJ's decision.  (Doc. No. 1.)  In her brief in support of her appeal, Plaintiff's sole contention is that the ALJ erred when she failed to give controlling weight to Plaintiff's "treating source," Amanda Beck, a Physician's Assistant.  (Doc. No. 9.)  Ms. Beck, who frequently saw Plaintiff, contributed to the record a "medical source statement" in which she opined as to Plaintiff's various functional limitations.  (Doc. No. 8-8 at 22.)

On August 22, 2014, Magistrate Judge Schwab issued a Report and Recommendation, in which she recommends that this Court vacate the Commissioner's decision.  (Doc. No. 14.)  Although Magistrate Judge Schwab disagrees with Plaintiff that Ms. Beck is a "treating source" whose opinions are entitled to controlling weight, she nevertheless finds that the ALJs decision to discount Ms. Beck's opinion is unsupported by the record.[2]  (Id.)  The Defendant filed timely objections to the Report and Recommendation, contending that Magistrate Judge Schwab erred

---

[2] Specifically, Magistrate Judge Schwab notes that Ms. Beck's April 2012 opinion – that Plaintiff's functional limitations prevented her from engaging in even a limited range of sedentary work – were "uncontradicted by any medical evidence from the same period."  (Doc. No. 14 at 18.)  Magistrate Judge Schwab states that therefore "the ALJ's decision to discount [Ms. Beck's] medical opinion due to a lack of objective examination findings was unsupported."  (Id.)

in concluding that Ms. Beck's opinion is a "medical opinion" and in concluding that there was not substantial evidence supporting the ALJs decision to afford "limited" weight to Ms. Beck's opinions.[3]  The Court will address Magistrate Judge Schwab's recommendations and Plaintiff's objections in turn.

## II.     STANDARD OF REVIEW

A federal district court has plenary review of all legal issues decided by the SSA.  Poulos v. Comm'r of Soc. Sec., 474 F.3d 88, 91 (3d Cir. 2007).  However, review of the SSA's factual findings is much more deferential: any fact determination by the Commissioner need only be supported by "substantial evidence" in order to survive scrutiny.  Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  Substantial evidence is often defined as anything "more than a mere scintilla" of evidentiary support.  See, e.g., Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (internal citation omitted).  Substantial evidence exists "in relationship to all the other evidence in the record," and an ALJ has the responsibility of explaining his or her determinations such that subsequent courts may discern whether or not substantial evidence supports that

---

[3] Defendant also objects on the grounds that Magistrate Judge Schwab improperly suggested that the residual functional capacity determination was dependent on medical opinions rather than being a decision reserved to the ALJ in her fact-finding capacity. (Doc. No. 17 at 8.) In raising this objection, Defendants highlight Magistrate Judge Schwab's recommendation that, "on remand, the Commissioner should be free to develop the evidentiary record as she deems necessary, especially in light of the lack of medical opinion evidence in this case." (See Doc. No. 14 at 18.) The Court finds no problem with this recommendation; indeed, the Court observes that in some cases the ALJ has a limited duty to develop a full and fair record in social security cases. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995); Mayes v. Soc. Sec. Admin., 190 F. App'x 183, 186 (3d Cir. 2006). Magistrate Judge Schwab, having already concluded that she was recommending remand for other reasons, simply encouraged further development of the record as "deem[ed] necessary." Thus, although the Court will not adopt the report and recommendation for other reasons, the Court observes no legal error in Magistrate Judge Schwab's encouragement of the ALJ to further develop the record on remand.

determination.  Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981).

To establish eligibility for disability benefits, a plaintiff must demonstrate a permanent or long term physical or mental impairment which precludes the plaintiff from earning more than a given regulatory threshold.  42 U.S.C. § 423(d)(1)(a); 20 C.F.R. §§ 404.1574, 416.974.  SSA utilizes a five-step process when evaluating disability insurance claims.  20 C.F.R. § 404.1520; Poulos, 474 F.3d at 91-92.  This process requires the Commissioner to consider, in sequence, whether a claimant (1) is currently earning above the regulatory threshold; (2) has an impairment that is severe or a combination of impairments that is severe; (3) is so severely impaired so as to qualify for a regulatory "listing," thereby expediting review; (4) retains the ability to perform any former vocation above the regulatory threshold; and, if not (5) whether the plaintiff can perform other substantial work in the national or regional economy.  Id.  For the purposes of this evaluative process, the SSA determines the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis; this ability is known as the Residual Functional Capacity.  20 C.F.R. § 404.1546 et seq.; 20 C.F.R. § 416.945 et seq.  The residual functional capacity assessment must include a discussion of the individual's abilities.  Id.; 20 C.F.R. § 404.1545; see Hartranft v. Apfel, 181 F.3d 358, 359 n.1 (3d Cir. 1999) (noting that residual functional capacity is "defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s)").

## III. DISCUSSION

Defendant objects to Magistrate Judge Schwab's Report and Recommendation on the grounds that she erred (1) in setting forth the applicable regulations and in concluding that Ms. Beck's opinion is a "medical opinion," and (2) in concluding that there was not substantial

evidence supporting the ALJs decision to afford "limited" weight to Ms. Beck's opinions.

First, contrary to Defendant's assertion, the Court finds no error in Magistrate Judge Schwab's discussion of the standard for considering the opinions provided by Ms. Beck.  Under the Social Security Regulations, a "treating source" – whose opinions may be entitled to controlling weight – is a claimant's "physician, psychologist or other acceptable medical source."  See 20 C.F.R. 404.1502; 404.1527(c)(2).  A physician's assistant, such as Ms. Beck, is not a "treating source" under the regulations because a physician's assistant is not an "acceptable medical source."  See Social Security Ruling 06-03p.  Magistrate Judge Schwab correctly rejected Plaintiff's contention that Ms. Beck is a "treating source" whose opinions were entitled to controlling weight.

Rather, Ms. Beck's opinion constitutes evidence from "other sources," i.e., a "medical source[] who is not an 'acceptable medical source.'"  See Social Security Ruling 06-03p.  The utility of evidence from "acceptable medical sources" and "other sources" is distinguished as follows:

> Information from these "other sources" cannot establish the existence of a medically determinable impairment.  Instead, there must be evidence from an "acceptable medical source" for this purpose.  However, information from such "other sources" may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function.

Id.  Some of the factors in considering "other sources" include but are not limited tp: how long the source has known and how frequently the source has seen the individual, how consistent the source's opinion is with other evidence, and any other factors that tend to support or refute the opinion. Id. at *4-5. As Magistrate Judge Schwab noted, there are even instances where, "depending on the particular facts in a case . . .  an opinion from a medical source who is not an

"acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source." Id.  Magistrate Judge Schwab accurately set forth the distinction between "acceptable medical sources" and "other sources," and the Court will overrule Defendant's objection on that point.

Nevertheless, the Court agrees with Defendant that there was ultimately substantial evidence supporting the decision to afford "limited" weight to Ms. Beck's opinions, and the Court will sustain the objection.  The ALJ did not afford "limited" weight to Ms. Beck's opinions solely because of her status as a non-acceptable medical source; for example, the ALJ also noted that her opinions as to Plaintiff's limitations were "not supported by objective examination findings," and the ALJ cited evidence in the record to this effect.  (See Doc. No. 8-2 at 17-18.)  This includes evidence that Plaintiff exhibited a "normal range of motion in all extremities," that she "had fairly normal gait, normal motor skills and normal sensory function," and negative neurological findings.[4]  (Id.)  Further, the ALJ noted that the record indicates that many of Plaintiff's symptoms improved with the use of medication.  (Id.)  The ALJ also cited testimony from Plaintiff herself that tends to undermine the claims of disability, including her ability to care for her three children.  (Id. at 18.)  The Court reiterates that it must not re-weigh the evidence; the ALJ acts as fact-finder in making the disability determination.  See Plummer, 186 F.3d at 427 ("The substantial evidence standard is highly deferential, and is satisfied with 'more than a mere scintilla' of evidence.").  In consideration of the entire record, the Court agrees with Defendant that there was substantial evidence in the record to support the ALJs

---

[4] The Court therefore agrees with Defendant that Magistrate Judge Schwab erred in concluding that Ms. Beck's opinion was "uncontradicted by any medical evidence from the same period of time." (See Doc. No. 14 at 18.)

conclusion that Ms. Beck's opinions were only entitled to "limited" weight. Accordingly, the Court will not adopt the Report and Recommendation of Magistrate Judge Schwab, and will affirm the decision of the Commissioner.[5] An order consistent with this memorandum follows.

---

[5] It also appears that even if the Court concluded that the ALJ did not have a substantial evidentiary basis for affording only "limited" weight to Ms. Beck's opinions, this mistake constitutes harmless error and is not grounds for remand. As the Court noted, evidence from a non-acceptable medical source like Ms. Beck cannot establish "the existence of a medically determinable impairment." See Social Security Rule 06-03p. Rather, "there must be evidence from an acceptable medical source to establish a disability." Id. Accordingly, the Court concludes that Ms. Beck's opinions are legally insufficient to mandate a different outcome. See Anthony v. Colvin, No. 12-1341, 2013 WL 5274807, at *8 (W.D. Pa. Sept. 18, 2013) ("Any failure to address the opinion or treatment summary from a non-acceptable medical source is, at best, harmless and does not compel remand to the Commissioner for further consideration."). This deficiency is pronounced here; indeed, the ALJ specifically noted that there was "scant" objective medical evidence within the record. (Doc. No. 8-2 at 16.) That a failure to give greater weight to Ms. Beck's opinions constitutes, at most, harmless error, is also reinforced in that her opinions in the record are largely in the form of a medical source statement form she provided. (Doc. No. 8-8 at 22.) See Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993) ("Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best.").